UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ROBERT HAILEY,

    Plaintiff,

v.                                                    CASE NO. 3:15-cv-1458-J-32JBT

SHAW'S SOUTHERN BELLE
FROZEN FOODS, INC., etc.,

    Defendant.
_____/

# REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on the parties' Joint Motion For Approval of FLSA Settlement and to Dismiss Case With Prejudice ("Motion") (Doc. 39). The undersigned heard oral argument on the Motion on August 14, 2017. For the reasons discussed herein, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED**, the FLSA Settlement Agreement ("Agreement") (Doc. 39-2) be **APPROVED**, and this action be **DISMISSED with prejudice**.

## I. Background

Plaintiff filed the instant action pursuant to the Fair Labor Standards Act, 29

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

U.S.C. §§ 201, *et seq.* ("FLSA"), seeking unpaid overtime compensation.[2] (Doc. 1.) Plaintiff alleged that he was employed by Defendant as a refrigeration "manager," and that he consistently worked in excess of forty hours per week. (*Id.* at 2–4.) Plaintiff further alleged that, because Defendant incorrectly classified him as an "exempt" employee, Defendant failed to pay him one and one-half times his regular rate of pay for the overtime hours worked.[3] (*Id.* at 3–4, 7–8.) Therefore, Plaintiff sought compensation for all unpaid overtime hours worked, liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs. (*Id.* at 8.) The parties now request that the Court approve their settlement of Plaintiff's FLSA claim. (Doc. 39.)

## II. Standard

Section 216(b) of the FLSA provides in part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages. . . . The court in such action shall, in addition to any judgment awarded to the

---

[2] Plaintiff also brought claims under the Family Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*, and Florida's Whistleblower Act, Fla. Stat. § 448.102. (Doc. 1.) These claims were also settled pursuant to a separate confidential settlement agreement. (Doc. 39 at 2.)

[3] As explained further below, "[t]he FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular workweek. 29 U.S.C. § 207(a). The FLSA exempts employees working in an administrative capacity from this requirement. *Id.* § 213(a)(1)." *Friedman v. South Fla. Psychiatric Assocs., Inc.*, 139 F. App'x 183, 185 (11th Cir. 2005).

plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

"[I]n the context of suits brought directly by employees against their employer under section 216(b) . . . the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of these rights. *Id.* at 1352. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," the district court is allowed "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In short, the settlement must represent "a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions." *Id.* at 1355. In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[4]

---

[4] Although the undersigned does not rely on unpublished opinions as binding precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after

In *Bonetti v. Embarq Management Co.*, the court analyzed its role in determining the fairness of a proposed settlement under the FLSA, and concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). Other cases from this district have indicated that when attorneys' fees are negotiated separately from the payment to a plaintiff, "an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents." *King v. My Online Neighborhood, Inc.*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007).

### III. Analysis

The Agreement provides that Defendant will pay a total of $4,000.00 to Plaintiff and his attorneys, which includes $1,000.00 for unpaid wages payable to Plaintiff and $3,000.00 for attorneys' fees and costs payable to Richard Cellar Legal,

---

January 1, 2007. Fed. R. App. P. 32.1(a).

P.A. (Doc. 39-2 at 2.) Plaintiff acknowledges that liquidated damages are not warranted or appropriate. (*Id.*) The parties represent that Plaintiff's attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 39 at 3.)

In the Motion, the parties agree that there is a bona fide dispute as to whether the administrative exemption to the FLSA's overtime provisions applied to Plaintiff. As the Eleventh Circuit has stated:

> For the administrative exemption to apply, an employee must (1) earn no less than $455 per week, (2) have primary duties that involve "the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers," and (3) exercise "discretion and independent judgment with respect to matters of significance" in performing his primary duties. 29 C.F.R. § 541.200(a)(1)–(3).

*Rock v. Ray Anthony Int'l LLC*, 380 F. App'x 875, 877 (11th Cir. 2010).

According to the Motion, Defendant believed that Plaintiff was properly compensated for all hours worked because the administrative exemption applied. (Doc. 39.) Additionally, Defendant produced documents in discovery showing that Plaintiff rarely worked over forty hours per week. (*Id.* at 2.) Plaintiff maintained that he was a non-exempt employee subject to the overtime provisions of the FLSA, and was thus entitled to approximately $43,000.00 in overtime wages. (*Id.* at 1–2.) In order to avoid the costs, time, and risks associated with litigation, the parties agreed to resolve their bona fide dispute. (*Id.* at 2–3.)

5

Based on the limited information provided in the parties' filings, it was not clear that the Agreement constituted a fair and reasonable compromise of Plaintiff's FLSA claim. Specifically, Plaintiff's settlement of a potential $43,000.00 claim for only $1,000.00 would appear to be reasonable only if it was likely that the administrative exemption applied. However, it was not clear from parties' filings that the exemption would likely apply. Therefore, the Motion was set for oral argument to provide the parties an opportunity to further explain their positions.

At oral argument, the parties indicated that they had engaged in significant discovery, including taking the depositions of Plaintiff and various employees of Defendant, and producing over 3,000 documents.[5] Plaintiff conceded that, based on this discovery, the administrative exemption was "seriously in play." Additionally, Plaintiff stated that he was seeking only $27,000.00 in past due wages, rather than $43,000.00, and that the larger figure was the result of a miscalculation.

According to Defendant, the facts revealed during discovery indicated that the administrative exemption almost certainly applied to Plaintiff based on the following. First, Plaintiff's yearly salary of over $80,000.00 greatly exceeded the $455.00 per week requirement for the exemption to apply. Next, Plaintiff performed primarily non-manual work directly related to the management and/or general business operations of Defendant. Plaintiff's duties as a refrigeration manager for a frozen

---

[5] Plaintiff's counsel's time records also reflect that the parties engaged in significant discovery. (*See* Doc. 39-3.)

seafood company were critical to the operation of the company, and he performed numerous important managerial duties. Additionally, Plaintiff exercised a great deal of discretion and independence regarding matters of significance, including ensuring compliance with various laws and maintaining safety standards. Thus, Defendant maintained that its exemption argument was very strong.[6] Plaintiff did not dispute Defendant's representations.

In light of the parties' representations suggesting that Plaintiff was properly considered an exempt employee and might likely recover nothing for his FLSA claim, the undersigned recommends that Plaintiff's recovery of $1,000.00 under the Agreement represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. See Lynn's Food, 679 F.2d at 1355. Moreover, Plaintiff is represented by an attorney. Thus, the undersigned recommends that the settlement reflects "a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354.

Regarding fees and costs, the ultimate issues pursuant to Silva are "both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers." 307 F. App'x at 351. Moreover, the Court need not conduct an in-depth analysis of the reasonableness of the attorney's fees and costs if the proposed settlement appears reasonable on its face and there is no

---

[6] According to Defendant, the discovery also strongly suggested that Plaintiff had not worked in excess of 40 hours per week while employed by Defendant.

reason to believe that Plaintiff's recovery was adversely affected by the amount of attorney's fees and costs to be paid to his counsel. See King, 2007 WL 737575, at *4.

As noted above, Plaintiff's attorneys' fees and costs were agreed upon separately and without regard to the amount paid to Plaintiff. (Doc. 39 at 3.) Additionally, there is no reason to believe Plaintiff's recovery was adversely affected by the agreed-upon fees and costs. The fee and costs ledger submitted by Plaintiff's attorneys reflects that they accrued $9,180.00 in fees while prosecuting Plaintiff's FLSA claim, and accrued $2,147.98 in total costs for this case, a third of which they attribute to the FLSA claim. (Doc. 39-3 at 4.) Under the Agreement, Plaintiff's attorneys will recover a total of $3,000.00 for fees and costs. (Doc. 39-2 at 2.) Given the significant discounting of fees and costs, the undersigned recommends that this amount does not appear unreasonable on its face. Moreover, despite the discount, it appears that counsel are being adequately compensated for their work.[7] Thus, both aspects of the Silva attorney's fee inquiry are satisfied.[8]

Therefore, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 39**) be **GRANTED**.

---

[7] The undersigned is not accepting as reasonable Plaintiff's attorneys' listed hourly rate of $450.00. (Doc. 39-3.) However, the effective rate of less than $150.00 per hour ($3,000.00/20.4 hours = $147.06 per hour) is reasonable.

[8] Since the undersigned is not conducting an in-depth analysis of the reasonableness of the fees and costs, this case provides no precedent for a case in which such an analysis is required.

2. The FLSA Settlement Agreement (**Doc. 39-2**) be **APPROVED**.

3. This action be **DISMISSED with prejudice**.

4. The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on August 17, 2017.

*/s/ Joel B. Toomey*
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

9